_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02090-FWS-KES                               Date: January 10, 2025
Title: Ruben Paul Gonzales v. Brea's Smog Test Only & Auto Registration, *et al.*

_____

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:                        Attorneys Present for Defendants:

Not Present                                                      Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDER [14]**

In this case, Plaintiff Ruben Paul Gonzales ("Plaintiff") asserts that Defendants Brea's Smog Test Only & Auto Registration and Hashem Heydari (together, "Defendants") violated the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act, and also asserts that Defendants were negligent. (Dkt. 1 ("Complaint" or "Compl.").) On July 8, 2024, the court dismissed Plaintiff's state law claims, leaving only the ADA claim remaining. (Dkt. 13.) On December 26, 2024, the court issued an Order to Show Cause re Dismissal for Lack of Prosecution (the "OSC"), noting that Plaintiff had not yet filed a proof of service on Defendants, even though 90 days had passed since the filing of the Complaint. (Dkt. 14 (citing, among other authority, Fed. R. Civ. P. 4(m)).) The court set a response deadline of January 3, 2025, and specifically advised that "[f]ailure to file a timely and appropriate response to this Order may result in dismissal without further order or notice from the court." (*Id.*) Now, a week after the court's deadline for Plaintiff to respond, Plaintiff has filed nothing. (*See generally* Dkt.)

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P.

_____
**CIVIL MINUTES – GENERAL**                                                                               1

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

JS-6

Case No. 8:24-cv-02090-FWS-KES                                    Date: January 10, 2025
Title: Ruben Paul Gonzales v. Brea's Smog Test Only & Auto Registration, *et al.*

_____

4(m).  In addition, district courts "have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion."  *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992).  When determining "whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

   Here, the court concludes these factors support dismissal due to Plaintiff's failure to prosecute this case and comply with the court's order setting a January 3, 2025, deadline to respond to the OSC.  (Dkt. 14.)  As to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal."  *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  The second factor also favors dismissal because "it is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642.  When a plaintiff fails to file a proof of service, "the action to come[s] to a complete halt," which allows a plaintiff "to control the pace of the docket rather than the Court."  *Yourish*, 191 F.3d at 990 (finding that this factor favored dismissal when the plaintiffs had 60 days to file an amended complaint and instead tardily filed a motion for clarification); *see Keawe v. Dept of Pub. Safety*, 2024 WL 1495085, at *2 (D. Haw. Mar. 15, 2024), *report and recommendation adopted,* 2024 WL 1492630 (D. Haw. Apr. 5, 2024) (dismissing case without prejudice when plaintiff failed to comply with court deadlines to file motion for default judgment, reasoning as to this factor, "Second, the Court's need to manage its docket weighs in favor of dismissal because Plaintiff's failure to comply with the Court's prior orders has interfered with the Court's ability to manage its docket").

   The third factor, the risk of prejudice to Defendants, is neutral given that it is uncertain whether they have been served.  Fourth, the public policy favoring disposition on the merits generally weighs against dismissal, but "it logically rests upon an inherent presumption a litigant . . . has manifested a diligent desire to prosecute his or her claims."  *Ewing v. Ruano*,

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-02090-FWS-KES | Date: January 10, 2025 |
| Title: Ruben Paul Gonzales v. Brea's Smog Test Only & Auto Registration, *et al.* | |

2012 WL 2138159, at *2 (C.D. Cal. June 12, 2012).  Indeed, "it is the plaintiff's responsibility to move a case toward a merits disposition."  *Thomas v. Kernan*, 2019 WL 8888200, at *1 (C.D. Cal. July 10, 2019) (citing *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)).  Therefore, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations omitted).  Plaintiff's failure to timely prosecute this case by filing a proof of service lessens the weight of the public policy favoring disposition on the merits.  *See Ewing*, 2012 WL 2138159, at *2.  The court therefore finds this factor is neutral and does not preclude dismissal.

Finally, the court has attempted less drastic alternatives, but they have failed.  The court gave Plaintiff ample time to respond to the OSC and informed him that failure to file a timely and appropriate response to the OSC may result in dismissal of his claims.  (Dkt. 14); *see Ferdik*, 963 F.2d at 1262 ("[A] district court's warning to a party that his or her failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."); *see also Alliant Credit Union v. Vessel EAGLE REST*, 2010 WL 3746727, at *2 (N.D. Cal. Sept. 20, 2010) ("The Court's prior order warned Plaintiff that the failure to file an amended complaint or a notice of voluntary dismissal would result in the dismissal of the action."); *Keawe*, 2024 WL 1495085, at *2 ("Fourth, less drastic sanctions are not appropriate and would be futile given Plaintiff's repeated failure to comply with the Court's prior orders."). The court therefore finds this factor weighs in favor of dismissal.

In summary, on balance, the court finds the relevant factors weigh in favor of dismissal. *Cf. Ferdik*, 963 F.2d 1258, 1263 ("Even if the prejudice factor as well as the fifth factor regarding the public policy favoring disposition on the merits both weighed against dismissal, they would not outweigh the other three factors that strongly support dismissal here.").  Indeed, courts regularly dismiss cases for failure to timely file a proof of service after a plaintiff fails to respond to an order to show cause regarding dismissal for lack of prosecution.  *See, e.g.*, *Worden v. Hemming*, 2022 WL 2062331, at *2 (C.D. Cal. Jan. 21, 2022) ("The Court finds that Plaintiff has abandoned his claims by failing to file the required Proofs of Service or respond to

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02090-FWS-KES                                        Date: January 10, 2025
Title: Ruben Paul Gonzales v. Brea's Smog Test Only & Auto Registration, *et al.*

the Court's orders. The Court dismisses this action without prejudice for lack of prosecution and for failure to comply with a Court order."); *Mora v. Wenrick*, 2020 WL 1279233, at *2 (C.D. Cal. Jan. 7, 2020), *report and recommendation adopted,* 2020 WL 1274211 (C.D. Cal. Mar. 16, 2020) ("In light of the procedural history of this case, including Plaintiff's failure to file a proper proof of service of the summons and complaint or comply with the Court's orders, and the factors weighing in favor of dismissal, the Court concludes that dismissal of this action for failure to prosecute is warranted."); *Bartok v. Bartok*, 2019 WL 6729660 (C.D. Cal. July 15, 2019) (denying reconsideration of order dismissing for lack of prosecution after proof of service not timely filed); *see also* Fed. R. Civ. P. 4(m).  This case is therefore **DISMISSED WITHOUT PREJUDICE**.